## In the Common Pleas of Philadelphia.

PETITION OF JOHN L. THOMAS, FOR DISCHARGE AS AN
INSOLVENT DEBTOR.

The State court has not authority to discharge. an insolvent debtor arrested upon process issued out of the United States Circuit Court upon a judgment founded upon a fraudulent representation alleged to have been made by the petitioner.

Opinion delivered October 7, 1873, by

ALLISON, P. J.   The most important question to be considered in this case, is presented upon an objection to the discharge of the petitioner, on the ground of a want of jurisdiction in the court of common pleas to make the order prayed for.

John L. Thomas was arrested upon process, issued out of the circuit court of the United States for the eastern district of Pennsylvania, upon a judgment, founded upon a fraudulent representation alleged to have been made by petitioner, to Willian D. Russell, a citizen of the State of New Jersey.   The point seemed to be conclusively settled against the application, in the case of Duncan v. Klinefelter, 5 Watts, 141, in which it is decided, that State laws have no operation *proprio vigore* upon the process or proceedings of the courts of the United States.   And that a judge of a State court cannot discharge from arrest, under the insolvent laws of the. State, one who is in custody upon process from the United States court.

In the opinion of the supreme court, it is distinctly asserted, that the acts of assembly relating to insolvent debtors applies only to debtors held under executions, issued from the State courts.   A number of cases are cited by Judge Sergeant, decided by the supreme court of the United States, sustaining the principle upon which Duncan v. Klinefelter is rested.

In Beers v. Houghton, supreme court of United States, January term 1835, a discharge was held to be proper, which was obtained under a rule, established by the Judge of the circuit court of the district of Ohio, which was made under the *proviso*, in the third section of the act of congress of 1828 : the rule provided, that under neither mesne nor final process, should any individual be kept imprisoned, who, under the insolvent laws of the State, had for such demand, been released from such imprisonment.

A rule has also been made by the United States courts for the eastern district of Pennsylvania, which recites, that the act of congress of February 28, 1839, chapter 35, having provided, that where, by the laws of a State, imprisonment for debt shall be allowed, under certain conditions and restrictions, the same shall be applicable to process issuing out of the courts of the United States.   The material provision of our act of 6th of June, 1836, are then recited, and it is ordered, that in all cases in which a party could be sdischarged by the State court, under the act of assembly of 1836, he shall be discharged if held under the authority of the United States courupot, n *similar* compliance with the provisions of said act; and that

to that end, all the proceedings and powers, which under the first eight sections of the said act of assembly may be had and exercised before a. judge of the court of common pleas, may be had and exercised by and before either of the judges of the United States courts of the eastern district of Pennsylvania.

We think it is clear that this rule does nothing more than give effect to the act of congress, which makes application to process issuing out of the courts of the United States, the State laws relating to discharge from imprisonment for debt. The debtor is obliged to make *similar* compliance to the requirements of the act of 1836, when held on process out of the United States courts, that he must make to its provisions, in the State courts as a prerequisite to a discharge ; and it distinctly looks to the exercise of like powers and the making of like orders and decrees, which the judges of the common pleas may exercise and make.

We have been unable to discover after careful examinations of this rule, that it even proposes to confer on the court of common pleas, jurisdiction in a case where the debtor is held under a process issued by the courts of the United States. Nor have we been able to find in the act of congress, on which the rule is based, a delegation of power which would authorize the courts of the United States by rule or otherwise, to send individuals arrested by process of the federal courts into the State courts, to be there heard upon an application for discharge from arrest. The act of congress, and the rule of court to which our attention has been called, contemplates clearly in our judgment, conformity in the federal courts, with the legislation of Pennsylvania and the adjudications thereon, upon questions relating to the discharge from arrest. But if the rule contemplated more than this, and could have given to it the interpretation for which the petition contends, or if in express terms it provided for a transfer of application for discharge to the common pleas, there would be abundant reason to justify us in declining to take jurisdiction of such cases, because there is full power in the courts of the United States to dispose of applications of their own suitors, by conforming to the laws of the State of Pennsylvania in regard to insolvent debtors.

Petition dismissed.

*D. W. Sellers*, Esq., for the petitioner ; *Nathan H. Sharpless*, Esq., contra.